**FILED**

APR 2 [ 2017

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 16 CR 462 |
| | ) | Hon. Rebecca R. Pallmeyer |
| OSCAR ORTIZ | ) | |

### PLEA DECLARATION

1. The defendant, OSCAR ORTIZ, after extensive consultation with his attorney, Keri A. Ambrosio, acknowledges and states as follows:

2. Mr. Ortiz has been charged with participating in a racketeering conspiracy, in violation of Title 18 United States Code, Section 1962(d) (Count One); violations of Title 18, United States Code, Section 1959 (Counts Six, Twelve, and Thirteen); and with discharging a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Sections 1959(a) and 924(c)(1)(A) and 2 (Count Fourteen)

3. Mr. Ortiz has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

4. Mr. Ortiz fully understands the nature and elements of the crimes with which he has been charged.

5. Through this Plea Declaration, Mr. Ortiz will enter a voluntary plea of guilty to Counts One and Fourteen of the indictment.

### Factual Basis

6. Mr. Ortiz will plead guilty because he is in fact guilty of the charges

1

contained in Counts One and Fourteen of the indictment. In pleading guilty, Mr. Ortiz admits the following facts, and that those facts establish his guilt beyond a reasonable doubt as to Counts One and Fourteen:

<u>Count One</u>

Beginning no later than in or about 1999, and continuing to around July 2016, in the Northern District of Illinois, Eastern Division and elsewhere, there was a criminal enterprise known as the Almighty Latin Kings Nation (the "Latin Kings") consisting of Mr. Ortiz and others. The Latin Kings street gang knowingly conspired to conduct and participate in the conduct of the affairs of the Latin Kings street gang through a pattern of racketeering activity as described in Count One of the indictment, and the Latin King street gang was an enterprise, as defined in Title 18, United States Code, Section 1961(4), within which, the members operated together with the common purpose of achieving the objectives of the enterprise. The Latin Kings street gang was engaged in, and its activities affected, interstate commerce, all in violation of Title 18, United States Code, Section 1962(d).

Mr. Ortiz joined the Latin Kings street gang in approximately 2010, and remained a member through approximately July 2016. Mr. Ortiz admits that he knowingly conspired to, and participated in, the unlawful conduct of the Latin Kings through a pattern of racketeering activity. The racketeering activity included threats, intimidation, acts of violence, including assaults with dangerous weapons and acts of violence against members of the gang, and extortion. Mr. Ortiz admits that he agreed that members of the conspiracy would commit at least two acts of racketeering activity in furtherance of the enterprise.

Count Fourteen

Mr. Ortiz admits he, along with a co-defendant, on August 31, 2014, at Maywood, in the Northern District of Illinois, Eastern Division, used, carried, brandished, and discharged a firearm, namely, a Llama IXC .45 caliber pistol, bearing serial number 07-04-16010-95, during and in relation to a crime of violence. Specifically, Mr. Ortiz and a co-defendant retrieved the pistol in order to shoot at rival gang members. After retrieving the gun, Mr. Ortiz drove while the co-defendant discharged at least two rounds at rival gang members before the pistol jammed. Later that same day, Mr. Ortiz drove with his co-defendant in the front passenger seat and encountered a different rival gang member. The co-defendant again discharged at least two rounds at a rival gang member before the pistol jammed again. Mr. Ortiz drove away from the area and was pursued by law enforcement. Mr. Ortiz fled and eventually crashed his car, and was taken into custody by Melrose Park Police Department officers. Mr. Ortiz and his co-defendant used, carried, brandished, and discharged the Llama IXC .45 caliber pistol during and in relation to both shootings. Mr. Ortiz acknowledges the acts constitute crimes of violence for which he may be prosecuted in a court of the United States, namely a violation of Title 18, United States Code, Section 1959(a), as charged in Counts Twelve and Thirteen of the indictment.

## **Maximum Statutory Penalties**

7.     Mr. Ortiz understands that Count One carries a maximum sentence of 20 years' imprisonment and a maximum fine of $250,000. Mr. Ortiz further understands that with respect to Count One, the sentencing judge also may impose a term of supervised release of not more than three years. Mr. Ortiz understands that

Count Fourteen carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. The sentence of imprisonment on Count Fourteen is required to be consecutive to any other sentence imposed. Pursuant to Title 18, United States Code, Section 3561, Mr. Ortiz may not be sentenced to a term of probation on this count. Count Fourteen carries a maximum fine of $250,000. Mr. Ortiz further understands that with respect to Count Fourteen, the judge also may impose a term of supervised release of not more than five years.

8. Mr. Ortiz acknowledges that according to Title 18, United States Code, Section 3013, he will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

9. Therefore, Mr. Ortiz understands that under the counts to which he is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 10 years' imprisonment. In addition, Mr. Ortiz understands he is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

10. Mr. Ortiz understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training,

4

medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

11.    Mr. Ortiz understands that the government's preliminary combined offense level for Count I is 44. Mr. Ortiz understands that the Guideline calculation for Count 14 is the minimum term of imprisonment required by statute, ten years' imprisonment. Mr. Ortiz understands that based on the facts known to the government at the time of his plea, the government anticipates Mr. Ortiz' criminal history category is II. Mr. Ortiz understands that the government, with the information it has currently, agrees that he has accepted responsibility, and that a reduction of three points to the offense level for a timely acceptance of responsibility is appropriate. Mr. Ortiz understands that the government anticipates Mr. Ortiz' guideline range will be 360 months' to life imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Mr. Ortiz acknowledges that he is subject to a statutory minimum sentence of ten years' imprisonment. Mr. Ortiz understands that he may disagree with the government's guideline calculations at sentencing, and he reserves the right to disagree with the guideline calculation of government counsel and the Probation Department, the criminal history score, and the government and Probation Department's sentencing request.

12.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 16 CR 462.

## Trial Rights

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. Trial rights. Mr. Ortiz has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, Mr. Ortiz, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Mr. Ortiz and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    c. If the trial is held by the judge without a jury, the judge would find the

facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established Mr. Ortiz' guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Ortiz. Mr. Ortiz would be able to confront those government witnesses and his attorney would be able to cross-examine them.

e. At a trial, Mr. Ortiz could present witnesses and other evidence in his own behalf. If the witnesses for Mr. Ortiz would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

f. At a trial, Mr. Ortiz would have a privilege against self- incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If he desired to do so, he could testify in his own behalf.

### Appellate rights

g. Mr. Ortiz further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

14. Mr. Ortiz understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Mr. Ortiz' attorney has explained those rights to him,

and the consequences of his waiver of those rights.

15. Mr. Ortiz understands that the United States Attorney's Office will apprise the Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing. Mr. Ortiz understands that, through his attorney and his own statements, he will be able to present evidence in mitigation at the time of sentencing.

16. Mr. Ortiz understands that at the time of sentencing, his attorney is free to make any sentencing recommendation that she deems appropriate.

17. Mr. Ortiz agrees that this Declaration will be filed with the Court, and will become a matter of public record, and may be disclosed to any person.

18. Mr. Ortiz and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Declaration to cause Mr. Ortiz to plead guilty.

19. Mr. Ortiz acknowledges that he has read this Declaration and has carefully reviewed each provision with his attorney.

Signed this 19th Day of April 2017

_____
Oscar Ortiz,
Defendant.

_____
Keri A. Ambrosio,
Counsel for the Defendant.